**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00115-MR-DLH**

| | |
|---|---|
| **BRUCE LOUDENSLAGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **LOCKHEED CORP., N.H. FEDERAL** ) | |
| **DISTRICT COURT, and CENTRAL** ) | |
| **INTELLIGENCE AGENCY,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court *sua sponte* for a review of the Plaintiff's Complaint.

**I.  BACKGROUND**

The Plaintiff, who resides in Florida, brings this action against Lockheed Corporation ("Lockheed"), the United States District Court for the District of New Hampshire ("New Hampshire District Court"), and the Central Intelligence Agency ("C.I.A."). [Doc. 1]. Specifically, the Plaintiff alleges that the C.I.A. and Lockheed have used satellites and "hi energy microwaves" to torture and harass his family for the past 27 years. [Id. at 5-6]. The Plaintiff

further alleges that the New Hampshire District Court is aware of this conduct, by virtue of a number of lawsuits that the Plaintiff has filed in that District, but that the New Hampshire Court has refused to address his claims. [Id. at 6]. The Plaintiff seeks damages in the amount of $27,000,000 from each of the governmental Defendants, as well as from every involved United States government employee. He also seeks $25,000,000,000 from Defendant Lockheed. [Id. at 8].

## II. STANDARD OF REVIEW

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct., 490 U.S. 296, 307-08 (1989)).

## III. DISCUSSION

A "frivolous complaint," as that term is used in Ross and Mallard, is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'") (citation omitted). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328, 109 S.Ct. 827.

A review of the Complaint reveals that the Plaintiff's claims fall within that definition of frivolousness. First, the Plaintiff plainly alleges that he has previously brought these claims in the Federal Court in the District of New Hampshire and has been denied relief. [Id. at 6]. This Court does not have subject matter jurisdiction to entertain what is, in substance, an appeal from another United States District Court. For this reason, the Plaintiff's claims are legally baseless.[1]

When a Court determines that a complaint is factually or legally baseless, the Court must dismiss the case. See Jones v. Bock, 549 U.S.

---

[1] The Court also notes that the Plaintiff's brief factual allegations appear to be quite fantastic and even delusional. As such, the Plaintiff has failed to state a cognizable claim upon which relief may be granted.

3

199 (2007); White v. White, 886 F.2d 721, 724 (4th Cir. 1989).  It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants.  Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).  As such, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED** for lack of subject matter jurisdiction and as frivolous.

**IT IS SO ORDERED.**

Signed: May 21, 2018

Martin Reidinger
United States District Judge